UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ED SOG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-02842 (UNA) |
| | ) |
| C. KOOSED, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its review of Plaintiff's complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons explained below, it dismisses this case without prejudice.

Plaintiff sued a Riverside Superior Court Judge and multiple defendants associated with the Riverside County District Attorney, and all defendants are located in California. *See* Compl. at 2–6, 13–14. He sued anyone remotely connected to an incident that occurred on March 18, 2022, resulting in his arrest and his subsequent conviction and sentence, all of which he broadly contends was illegal for myriad reasons. *See id*. He asserts that defendants were "unregistered foreign agents" engaged in a malicious conspiracy to intentionally violate his rights, and he seeks $1 million per day in damages for "their debauchery," which he demands to be paid in "federal reserve notes" and "24 ounce gold bars." *See id*. at 6.

First, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). The Court notes that Plaintiff has failed to provide his address, or any contact information beyond his email address, in contravention of D.C. Local Civil Rule 5.1(c)(1). While the Court is understanding of the fact that Plaintiff is

currently unhoused, *see* IFP App. at 1, given his *pro se* status, without more information, the Court is unable to sufficiently communicate with him regarding this case.

Furthermore, Plaintiff's Complaint fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category. Sprinkled throughout the Complaint are citations to authority and phrases that suggest legal claims, yet the pleading never advances beyond a tangled mass of broad assertions, thus also contravening Federal Rules 8(a) and 10(b).

Second, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the relief sought. The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87.  In other words, if judgment were to be granted in Plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487.  Therefore, because there is no indication that any verdicts have been set aside, Plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction.  *See Williams v. Hill*, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

Finally, this matter presents no connection to the District of Columbia.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is locate, (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property that is the subject of the action is situated), or (3) a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also id.* § 1406(a) (providing for transfer or dismissal for improper venue).  None of the parties are located in the District, and none of the acts or omissions allegedly giving rise to this case occurred there either.

For these reasons, the case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  November 27, 2024

/s/_____
ANA C. REYES
United States District Judge